O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v.  Dipak Patel, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendants' motion for summary judgment

     Pending before the Court is Defendants' motion for summary judgment.  The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to Defendant's motion, the Court GRANTS the motion.

I.     Background

     Plaintiff Norma Davis ("Plaintiff") is an eighty-year old African-American woman who allegedly has a disability in hearing, ambulating, mobility and balance.  *Compl.* ¶ 8; *Defendants' Statement of Uncontroverted Facts in Support of Motion for Summary Judgment ("SUF")* ¶ 2, Dkt. #31 (Feb. 3, 2011).  Defendants Dipak Patel, NEHA, LLC, Darlin Peraza, Avish Partnership, and Magaly Zapata (collectively, "Defendants") are individuals and corporate entities that own and/or operate a Super 8 Motel located at 1341 W. Sunset Blvd. in Los Angeles, California (the "Super 8 Motel").  *Compl.* ¶¶ 9, 10.  On August 25, 2010, Plaintiff sued Defendants for, *inter alia*, race and disability discrimination.  Specifically, the Complaint asserts causes of action for (1) discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*; (2) violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"); (3) violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*; and (4) intentional infliction of emotional distress.  *See* Dkt. #3 (Aug. 25, 2010).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

Plaintiff's claims arise from an incident that allegedly occurred at Defendants' Super 8 Motel on August 20, 2008. The Complaint alleges that "[o]n August 20, 2008, [Plaintiff] entered the front lobby of the Super 8 motel to get a room." *Compl.* ¶ 11; *SUF* ¶ 3. Plaintiff had an allegedly licensed service dog named "Tux" with her when she entered the Super 8 Motel. *A. Davis Decl.* ¶ 3; *B. Stites Decl.* ¶ 2. Once inside, Plaintiff was allegedly told by Darlin Peraza, a Super 8 Motel Employee, "that the Super 8 motel does not allow dogs, including service dogs." *Compl.* ¶ 11; *SUF* ¶ 4. This, allegedly, "was confirmed by the Super 8 Motel's manager." *Id.*

Plaintiff goes on to assert that she "is informed that disabled Caucasian persons who use a service dog have been and are welcomed at Defendants' Super 8 Motel, while disabled African-American individuals with a service dogs are routinely turned away, treated rudely and made to leave the premises." *Compl.* ¶ 12. She further claims that Defendants' "abhorrent and outrageous" discrimination against her caused her "grave damage," *Compl.* ¶ 60, and "severe emotional distress." *A. Davis Decl.* ¶ 5.

On February 3, 2011, Defendants moved for summary judgment, contending that there is no triable issue of fact with respect to any of Plaintiff's four causes of action. In addition, Defendants argue that the case should be dismissed because (1) Plaintiff was not actually at Defendants' Super 8 Motel on the date that the alleged incident purportedly took place; and (2) because the incident allegedly occurred on August 20, 2008, and Plaintiff's Complaint was not docketed as "filed" until August 25, 2010, the case is barred by the applicable two-year statute of limitations under Cal. Civ. Proc. § 335.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading." *See id.* at 248, 257 (citations omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson*, 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

III. Discussion

Defendants' moving papers present essentially three arguments in favor of summary judgment. The first two operate as affirmative defenses to the entire action, while the third challenges the sufficiency of the evidence with respect to each claim. Specifically, Defendants first contend that the entire case fails because Plaintiff did not actually visit the Super 8 Motel on August 20, 2008, as she so claims. *Defendants' Memorandum in Support of Motion for Summary Judgment ("Mem")* 4:8-11:16. Second, Defendants argue that because the alleged discrimination at Defendants' hotel purportedly occurred on August 20, 2008, and Plaintiff's Complaint was not technically filed until August 25, 2010, the action is therefore barred by the two-year statute of limitations pursuant to Cal. Civ. Proc. § 335.1. *Mem.* 11:17-17:21. Finally, Defendants contend that the undisputed evidence in the record does not point to any triable issue of fact on any of Plaintiff's race discrimination, disability discrimination, or intentional infliction of emotional distress claims. *Mem.* 17:24-19:18. The Court will address each in turn below.

    A.    <u>Plaintiff's Presence at Defendants' Super 8 Motel on August 20, 2008</u>

Defendants' first argument challenges one of the most basic facts in this case: Plaintiff's presence at the Super 8 Motel on August 20, 2008. According to Defendants, Plaintiff was not actually at the Motel on the day of the alleged incident. In support of this claim, they point to Plaintiff's own sworn testimony in a separate state court action in which Plaintiff brought the same charges against the same Defendants based on essentially the same facts that occurred a

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

different day.[1] Specifically, in a declaration executed on April 6, 2009, Plaintiff testified that her second, and last, visit to Defendants' Super 8 Motel was on *August 6*, 2008. *Reply* 7:23-25; *Coates Decl.,* Ex. 2 (*N. Davis Decl.* ¶ 3); *see also Coates Decl.*, Ex. 5 (Response to Supplemental Interrogatories). Defendants, taking these averments as true, thus conclude that because Plaintiff was not at the Super 8 Motel on the day the alleged discrimination purportedly occurred, the entire action is predicated on either an error or a falsehood.

Plaintiff protests that she was, in fact, at the Super 8 Motel on August 20, 2008. As evidence of such, she points to (a) affidavits of the two individuals who accompanied her to Defendants Super 8 Motel (her son, Al Davis, and "family friend" Brandt Stites); and (b) a recorded video taken by Plaintiff on August 20, 2008 which allegedly "shows Plaintiff inside Defendants' hotel and provides an audio recording which she asserts "clearly proves Defendants' manager refused [Plaintiff] room accommodations."[2] *Opp'n* 3:23-25. Further, her opposing papers dismiss the blatant testimonial inconsistency as a mere by-product of Plaintiff's faulty, eighty-year-old memory. *Opp'n* 2:18-3:7.

In light of the declarations submitted by Mr. Davis and Mr. Stites, the Court finds that the record presents a genuine issue of material fact as to whether Plaintiff was at the Super 8 Motel on August 20, 2008. Both declarants represent that they were at the Super 8 Motel with Plaintiff on August 20, 2008, and that they personally saw her enter the Motel with Tux, the

---

[1] This declaration was executed on April 6, 2009 in connection with Plaintiff's pending state court action against the Super 8 Motel Defendants for alleged violations of the Unruh Civil Rights Act and Disabled Persons Act based on Defendants' refusal to provide public accommodations allegedly because of her race and disability, which allegedly required the presence of a service dog. *See Davis v. Avish Partnership*, Case No. BC399881 ("Davis I") (*Coates Decl.* ¶ 1).

[2] The video was submitted in the form of a CD-ROM and attached as Exhibit 1 to Brandt Stites's declaration. However, the video recording is not properly authenticated, and therefore inadmissible. *See* Fed. R. Civ. P. 56(e). Mr. Stites avers that he was not inside the Motel with Plaintiff when she recorded the video, but rather, was standing outside by the street when Plaintiff came out and handed him the video recording. *Stites Decl.* ¶ 3. Thus, Mr. Stites is unable to competently attest that the video completely and accurately depicts what occurred inside the Super 8 Motel on August 20, 2008. It further bears mention that the disc in the Court's possession appears markedly different from the disc submitted to defense counsel, which appears to reflect a date of November 23, 2008. *See Coates Supp. Decl.,* ¶¶ 2-5, Ex. 19.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

alleged service dog. *See Stites Decl.* ¶ 2; *Davis Decl.* ¶ 3. The Court is, of course, aware that if Mr. Davis's and Mr. Stites's averments – which were made under penalty of perjury – are true, they necessarily render Plaintiff's prior sworn testimony false.[3] *See Coates Decl.,* Ex. 2 (*N. Davis Decl.* ¶ 3) (stating she did not visit Defendants' Super 8 Motel after August 6, 2008; *see also Coates Decl.* Ex. 5, p.6 (Plaintiff's supplemental responses to Special Interrogatory Nos. 5 and 25, admitting that any other visit to the Super 8 Motel pre-dated her visit on August 6, 2008). Nonetheless, the record before the Court in this case contains declarations which present a triable question of fact as to whether Plaintiff was at the Super 8 Motel on August 20, 2008. Accordingly, the Court concludes that summary adjudication on this ground is improper.

  B. <u>Whether Plaintiff's Complaint is Time-Barred</u>

  Next, Defendants contend that summary judgment should be granted because all four of Plaintiff's claims are barred by the two-year statute of limitations pursuant to Cal. Civ. Proc. § 335. Specifically, Defendants claim that because the Complaint in this action was not filed until August 25, 2010, and the alleged incident purportedly occurred on August 20, 2008, the case was therefore not filed within the applicable two-year statute of limitations. While Plaintiff concedes that the Complaint was not docketed as "filed" until August 25, 2010, she argues in opposition that it was "constructively filed" on August 20, 2010 when she filed a fee waiver request with the Clerk and attached a lodged a copy of the Complaint.

  Courts in the Ninth Circuit follow the "constructive filing" rule, under which a whereby a complaint is deemed filed when it is "placed in the possession of the clerk." *See Cintron v. Union Pac. R. Co.*, 813 F.2d 917, 920 (9th Cir. 1987) (reversing district court's dismissal of complaint; complaint was timely because appellant constructively filed his complaint when he delivered it to the clerk of the court, even though the complaint was stricken for failure to comply with local rules); *see also U.S. v. Nguyen*, 997 F. Supp. 1281, 1288 (C.D. Cal. 1998) (finding that a motion to vacate sentence which was received and lodged by clerk of court on

---

[3] While the Court is unwilling to address the perjury issue alluded to in Defendants' papers at this time, Plaintiff should not take the Court's reticence as tacit acceptance of her proffered theory that elderly people such as Plaintiff cannot reliably testify under oath about dates upon which important events occurred. *See Davis Decl.* ¶ 6 ("elderly persons often have difficulty recalling the dates of events."). The Court further notes that Mr. Davis's supposed "considerable medical experience" as a "physician's assistance (sic)" does not qualify him as an expert on the memory capacity of elderly individuals.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

day before expiration of one-year limitations period, but which was not filed by clerk until two days after period expired, was timely). Accordingly, given that Plaintiff filed a lodged copy of the Complaint on August 20, 2010, in connection with her request for a fee waiver, the Court concludes that this case is not barred by the two-year statute of limitations. *See King v. Adams*, No. EDCV 08-563 CAS, 2008 WL 5274603, at *3 (C.D. Cal., Dec. 16, 2008) (where the petition bore the Clerk's "Lodged" stamp and the date April 14, 2008, the controlling date for purposes of the statute of limitations was April 14, 2008, even though the petition was not stamped and docketed as "filed" until April 25, 2008).

    C.    <u>Whether Any Genuine Issue of Material Fact Exists With Respect to Plaintiff's Claims</u>

Finally, the Court directs its attention to the inquiry at the heart of Defendants' motion: whether the evidence before the Court shows that there is a genuine issue as to any material fact supporting Plaintiff's claims. The Court finds that Defendants have met their initial burden of demonstrating the absence of any genuine issue of material fact. *Horphag Research Ltd. v. Garcia,* 475 F.3d 1029, 1035 (9th Cir. 2007). Accordingly, to defeat Defendants' motion, Plaintiff must "go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial.'" *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 997 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)).

    1.    *Disability Discrimination*

The Court begins with Plaintiff's claim that Defendants violated the ADA and Unruh Act by failing to provide her public accommodations because she had a disability which required use of a service dog. *Compl.* ¶¶ 35-48, 49-55. Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals. This provision states that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To prevail on a Title III discrimination claim, Plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) that Defendants' Super 8 Motel is a private entity that leases, owns, or operates a place of public accommodation, and (3) that she was

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

denied public accommodations by Defendants *because* of her disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *see also Org. for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005) (a Title III plaintiff must show that she was denied treatment under circumstances which give rise to the inference that such denial was based solely on her handicap). Similarly, a claim under the Unruh Act also requires that Plaintiff demonstrate she was disabled within the meaning of the statute.[4] *See Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1027 (9th Cir. 2003) (stating that to survive summary judgment, a plaintiff must first demonstrate a triable issue of fact as to whether he or she has a "disability" within the meaning of the Unruh Act).

Further, for purposes of the ADA, a service animal is defined as "any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a ;2519;2519disability." 28 C.F.R. § 36.104. Federal regulations require that a particular service animal be trained to work for a disabled individual so as to help ameliorate the ADA disability. *Miller v. Ladd*, No. CV 08-05595 NJV, 2010 WL 2867808, at *4 (N.D. Cal. July 20, 2010).

To start, the Court notes that the record is entirely void of admissible evidence showing (1) that Plaintiff is actually disabled, (2) that her disability requires, or is ameliorated by, use of service dog, and (3) that Tux, the dog that accompanied her to the Super 8 Motel, is a licensed service dog. The only evidence in the record even bearing on these requirements is Brandt Stites's declaration that he saw Plaintiff enter the hotel "with her service dog Tux," *Stites Decl.* ¶ 2, and Al Davis's declaration that Plaintiff was turned away "supposedly because she had a licensed service dog with her." *A. Davis Decl.* ¶ 3. These averments, however, fail to create any triable issue sufficient to survive Defendants' motion for summary judgment. Neither affiant is qualified to expertly opine on whether Plaintiff was disabled, whether her disability required a

---

[4] The Unruh Act provides:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability,* or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b) (West 2003) (emphasis added); *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1026-27 (9th Cir. 2003).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

service dog, or whether the dog was, in fact, a service dog. Nor does either declaration provide any facts suggesting personal knowledge of such issues. Plaintiff did not submit any other documentary evidence, such as a service dog license, that would create a triable factual issue as to whether she is disabled, and whether Tux constitutes a "service animal," under applicable federal and state law.

Moreover, Plaintiff's own Complaint negates the viability of her disability discrimination claim. Plaintiff expressly alleges that Defendants welcome disabled white patrons with service animals, but not disabled African Americans with service animals. *Compl.* ¶¶ 12, 30. While this allegation suggests that Defendants denied Plaintiff accommodations because of a *racial* animus, it all but concedes Plaintiff's disability discrimination claim.

Accordingly, because Plaintiff cannot identify any admissible evidence creating a triable issue of fact with respect to her second and third causes of action for disability discrimination in violation of the ADA and Unruh Acts, the Court finds that Defendants are entitled to judgment as a matter of law.

    2.    *Race Discrimination*

Second, the Court turns to Plaintiff's claim that, by refusing to provide her a room at the Super 8 Motel, Defendants violated Title II of the Civil Rights Act and the Unruh Act, both of which prohibit intentional racial discrimination or segregation in places of public accommodation. Title II of the Civil Rights Act of 1964 provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of *race*, color, religion, or national origin.

42 U.S.C. § 2000a (emphasis added). To prevail on her claim under Title II, Plaintiff must not only establish facts which show that she was deprived of the equal use and enjoyment of Defendants' Super 8 Motel, but must also prove, by either direct or circumstantial evidence, that Defendants acted with discriminatory intent, motive, or purpose in turning her away from the Motel. *Coward v. Town and Vill. of Harrison,* 665 F. Supp. 2d 281, 307 (S.D.N.Y. 2009); *Robinson v. Paragon Foods, Inc.*, No. CIVA1:04CV2940-JEC, 2006 WL 2661110, at *4 (N.D. Ga. Sept. 15, 2006) (plaintiffs must demonstrate "an intention to discriminate racially" to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

prevail on their claims under Title II); *Akiyama v. U.S. Judo Inc.,* 181 F. Supp. 2d 1179 (W.D. Wash. 2002) (holding that discriminatory intent must be an element of a claim under federal civil rights law prohibiting discrimination or segregation in places of public accommodation). Similarly, the California Supreme Court has held that a plaintiff seeking to establish a cause of action under the Unruh Act must "plead and prove *intentional discrimination* in public accommodations in violation of the terms of the Act." *Harris v. Capital Growth Investors XIV,* 52 Cal. 3d 1142, 1175, 278 Cal. Rptr. 614 (1991) (emphasis added).

Defendants contend that there is no evidentiary basis for Plaintiff's claims of race-based discrimination under Title II of the Civil Rights Act and the Unruh Act. The Court agrees: the record in this case contains no admissible evidence suggesting that Plaintiff was discriminated against because of her race.

Plaintiff takes a different view, asserting in her opposing papers that the declaration of Brandt Stites "establishes that white patrons who are disabled and use a service dog are allowed into defendants' hotel, as well as persons who are not disabled." *Opp'n* 6:25-27. This, however, is plainly wrong. Stites testified that *he did not go inside* the Super 8 Motel. *Stites Decl.* ¶¶ 2,3. His declaration does not even establish that he is competent to testify about Defendants' patterns and practices, let alone establish that white disabled persons with service dogs are allowed at Defendants' Motel.

Neither does Al Davis's declaration create a triable issue about whether Defendants engaged in impermissible race-based discrimination. Mr. Davis states that he "personally saw [Plaintiff] turned away form the hotel supposedly because she had a licensed service dog with her." *A Davis Decl.* ¶ 3. However, there are at least three problems with this statement, as far as Plaintiff's race-based discrimination claim is concerned. First, the most obvious: according to Mr. Davis, the "supposed" reason Plaintiff was denied had nothing to do with Plaintiff's race. Second, although Mr. Davis may be able to testify based on personal knowledge that he "saw" Plaintiff get "turned away," it is entirely unclear how he could possibly have "seen" the requisite discriminatory intent. Indeed, an individual's subjective motivation is almost by definition not visible. Third, Mr. Davis does not represent that he *heard* any discriminatory or pejorative remarks, or that he heard any conversation between Plaintiff and Defendant's employee. Based on his declaration, he could have walked the lobby just in time to see Plaintiff turn away from the front desk and walk out. Accordingly, because his testimony about why Plaintiff was "supposedly" turned away lacks a proper foundation, it cannot be considered in evaluating Defendants' motion for summary judgment.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#29,30,33
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

The Ninth Circuit has made clear that where the only evidence presented is "uncorroborated and self-serving" testimony, no "genuine issue" is presented. *Villiarimo v. Aloha Island Air, Inc*. 281 F.3d 1054, 1061 (9th Cir. 2002); *Kennedy v. Applause, Inc.,* 90 F.3d 1477, 1481 (9th Cir. 1996). Here, the testimony is not only uncorroborated and self-serving, it is manifestly lacking in a proper evidentiary foundation. There is no admissible evidence anywhere in the record that even supports an inference that Defendants denied Plaintiff accommodations because she is African-American. Accordingly, the Court GRANTS summary judgment in Defendants' favor on Plaintiff's first and third causes of action.

3. *Intentional Infliction of Emotional Distress*

Lastly, for essentially the same reasons, the Court finds that Defendants are entitled to summary judgment on Plaintiff's fourth cause of action for intentional infliction of emotional distress. Plaintiff once again fails to present any admissible evidence that demonstrates a triable factual issue exists with respect to this claim. Not only is Mr. Davis unable to competently opine on the nature, duration, and physical manifestations of Plaintiff's emotional distress, *see Davis Decl.* ¶ 5, there is no evidence in the record to suggest that the emotional distress Plaintiff allegedly suffered was *intentionally* inflicted. Accordingly, Defendants are entitled to judgment as a matter of law on this claim as well.

IV. Conclusion

In sum, Plaintiff fails to point to a single piece of admissible evidence that creates even one triable factual issue with respect to even one claim. Accordingly, the Court GRANTS Defendants summary judgment in entirety and DISMISSES the action with prejudice.

**IT IS SO ORDERED.**