UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**May 23 hrg vacated**

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | May 16, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:   (In Chambers) Order DENYING Plaintiff's motion for relief from summary judgment**

Pending before the Court is Plaintiff's motion for relief from summary judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Plaintiff's motion, the Court DENIES the motion.

I.   Background

This motion arises from a lawsuit in which Plaintiff Norma Davis asserted claims for discrimination on the basis of race and disability and emotional distress against Defendants Dipak Patel, NEHA, LLC, Darlin Peraza, Avish Partnership, and Magaly Zapata (collectively, "Defendants"), who own and/or operate a Super 8 Motel. Specifically, Plaintiff's Complaint alleged that she was turned away from Defendants' Super 8 Motel on August 20, 2008 because she is African-American and because she had an alleged service dog with her. *Compl.* ¶¶ 11-12.

On March 28, 2011, the Court granted summary judgment in favor of Defendants, concluding that that no triable issue of fact existed with respect to any of Plaintiff's four causes of action. *See* Dkt. # 49 (Mar. 28, 2011) ("Plaintiff fails to point to a single piece of admissible evidence that creates even one triable factual issue with respect to even one claim."). Plaintiff now moves for "relief" from this Order under Federal Rule of Civil Procedure 60(b)(1).

II.   Legal Standard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50**
**May 23 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | May 16, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

    Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Proc. 60(b)(1). Similarly, Local Rule 7-18 provides that:

> [a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18; *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Rule 7-18 further states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." L.R. 7-18.

III.    <u>Discussion</u>

    In bringing this motion, Plaintiff contends that relief from the March 28, 2011 Summary Judgment Order is "warranted because Plaintiff only neglected to present evidence of her disability and dog's status as a service dog, since she mistakenly thought this Court would not grant summary judgment on facts that were undisputed in Defendants' moving papers." Upon considering the moving papers, the Court finds this position flawed in several respects.

    First, Plaintiff's motion, which is construed as a motion for reconsideration, fails to satisfy the standard of Local Rule 7-18, as set forth above. It presents no evidence which was not available earlier, nor cites any change in law occurring after the Court's March 28, 2011 Order. Plaintiff, rather, merely seeks to re-hash arguments which were considered, and rejected, in her earlier motion opposing summary judgment. *See generally Mot. Section B ("Irrefutable Evidence Shows Defendants Discriminated Against Plaintiff Due to Her Disability Service*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#50
May 23 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-6239 PSG (Ex) | Date | May 16, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

*Dog"*). Under the law of this Circuit, this does not constitute sufficient grounds for relief. *See Backlund v. Barnhart*, 778 F. 2d 1386, 1388 (9th Cir. 1985); *see also Daghlian v. Devry Univ. Inc.,* 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2008) (noting that "[a] motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier.").

Second, Plaintiff's motion fails to offer any evidence of mistake, inadvertence, surprise and/or excusable neglect cognizable under Rule 60(b)(1) of the Federal Rules of Civil Procedure. The only evidence presented pre-dates Defendants' motion for summary judgment, and Plaintiff's counsel fails to present any legitimate justification for failing to present these affidavits and exhibits during the summary judgment proceedings.

Lastly, it bears emphasis that Plaintiff's position is premised on a misreading of the Summary Judgment Order. Plaintiff contends that summary judgment was improper because the Court relied on Plaintiff's failure to offer admissible evidence that she was disabled and that her dog was a service dog. *Mot.* 4:3-13. This argument, however, is wrong both as a matter of law and as a matter of fact. As to the former, the Supreme Court has explained that "[w]here a party will have burden of proof on an element essential to its case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmovant's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Accordingly, the Court did not err in recognizing Plaintiff's failure to present a triable issue of fact regarding whether Plaintiff was disabled within the meaning of the ADA.

Moreover, the Court's March 28, 2011 Order granting summary judgment expressly held that Plaintiff also failed to demonstrate a triable issue of fact regarding whether Plaintiff was discriminated against on the basis of race and disability. *See* Dkt. # 49, at 8-10. In light of these holdings, Plaintiff's motion for reconsideration is patently frivolous.

IV.     Conclusion

For reasons articulated above, the Court finds Plaintiff's motion an improper attempt to re-litigate issues that were decided on summary judgment. *Cf. Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#50
May 23 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6239 PSG (Ex) | Date | May 16, 2011 |
|---|---|---|---|
| Title | Norma Davis v. Dipak Patel, *et al.* | | |

him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). Accordingly, the motion is DENIED.[1]

   **IT IS SO ORDERED.**

---

[1] The Court declines to exercise its discretion under Local Rule 83-7 and require Plaintiff's counsel to pay Defendants' counsel reasonable attorney's fees as a sanction for bringing this motion. *See Opp'n* 8:21-9:21.